UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

AJA TRINIDAD,

        Plaintiff

v.

DAVID J. GOLD P.C. and
DAVID J. GOLD, ESQ.

        Defendants.
---------------------------------------------------------x

COMPLAINT

CV 11-1744

JURY DEMANDED

SUMMONS ISSUED

WEINSTEIN, J.

POHORELSKY, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 0 8 2011 ★
BROOKLYN OFFICE

## INTRODUCTION

1.     This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), New York General Business Law § 349, and New York Judiciary Law § 487.

## JURISDICTION AND VENUE

2.     The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

3.     Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4.     Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

1

5. Venue in this District is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this district, Defendants transact business in this District, and Plaintiff resides in this District.

## PARTIES

6. Plaintiff, Aja Trinidad, f/k/a Jessica McGowin, is a natural person who has resided at all relevant times in Brooklyn, New York.

7. Aja Trinidad is a consumer as defined in the FDCPA § 1692a(3).

8. Defendant David J. Gold, P.C. is a law firm engaged in the collection of debts in New York State with a principal place of business at 800 Second Avenue, Suite 810, New York, NY 10017.

9. David J. Gold, P.C.'s principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due another.

10. David J. Gold, P.C. is a debt collector as defined by FDCPA § 1692a(6).

11. Defendant David J. Gold, Esq. is the principal of David J. Gold, P.C. and is an attorney engaged in the collection of debts in New York State with a principal place of business at 800 Second Avenue, Suite 810, New York, NY 10017.

12. Defendant David J. Gold Esq.'s principal purpose is the collection of debts; and he regularly attempts to collect debts alleged to be due another.

13. David J. Gold, Esq. is a debt collector as defined by FDCPA § 1692a(6)

14. David J. Gold, PC and David J. Gold, Esq. are hereinafter referred to collectively as "Gold."

## FACTS

15. On or about September 7, 2010, Gold filed a complaint against Ms. Trinidad in New York County Civil Court in the action titled <u>Kenneth A. Barton, D.D.S., A.B.O, M.S.D. v. Jessica McGowin</u>, Index No. 49160/2010, (New York County action).

16. The complaint in the New York County action is signed and verified by David J. Gold, Esq.

17. The complaint in that action includes two causes of action: (1) breach of contract for failure to pay for goods and services that Ms. Trinidad had allegedly contracted for and (2) account stated whereby Ms. Trinidad had allegedly failed to object to, challenge, or dispute statements of account that were sent to her prior to the litigation.

18. Having seen Dr. Barton listed as an "elite preferred provider" on the website for "Invisalign" braces in July 2009, Ms. Trinidad contacted his office at Flatbush Avenue in Brooklyn, New York and was informed that Dr. Barton offered free consultations for "Invisalign" braces and was invited to come to the office.

19. Ms. Trinidad accepted Dr. Barton's offer for a free consultation and on July 21, 2009, she met Dr. Barton at his office on Flatbush Avenue in Brooklyn for that free consultation.

20. Ms. Trinidad only met Dr. Barton that one time on July 21, 2009, in order to receive the free consultation that was offered and that Dr. Barton advertises.

21. Ms. Trinidad never met Dr. Barton or had any transactions with him outside

3

of Brooklyn, NY.

22. At no time during her free consultation, or at any other time, did Ms. Trinidad contract to receive any services or goods from Dr. Barton.

23. Although Ms. Trinidad did not contract for any goods or services from Dr. Barton, she began receiving debt collection letters from various third-party collectors on behalf of Dr. Barton in October 2009.

24. From October 2009 – May 2010, Ms. Trinidad received three such collection letters demanding payment on an alleged balance of $5,995.00.

25. Because she had never contracted for any goods or services with Dr. Barton, Ms. Trinidad promptly disputed each demand for payment.

26. Through counsel, Ms. Trinidad filed an answer and counter claims against Dr. Barton in the New York County action; and on December 6, 2010 Ms. Trinidad's counsel served Gold with discovery demands, Notice of Deposition for Dr. Barton, and Requests to Admit.

27. On or about December 16, 2010, Gold sent Ms. Trinidad's counsel a response to the Requests to Admit.

28. The response was signed by David J. Gold, Esq. and indicated, inter alia, that Dr. Barton admitted to being informed by two of his third-party debt collectors that Ms. Trinidad had disputed their demands for payment

29. The response also included an admission that Ms. Trinidad never met with Dr. Barton in his New York County office and that Dr. Barton was not in possession of any written agreement for goods and services.

4

30. By letter dated February 15, 2011, Ms. Trinidad's counsel informed Gold that these admissions confirmed that Gold had no basis for including an account stated claim in the New York County complaint or for bringing suit in New York County.

31. Gold knew or should have known that a claim for account stated was false because Gold's client had been informed by his third-party debt collectors that Ms. Trinidad had disputed their demands for payment.

32. Gold, however, knowingly included a false claim in the complaint in the New York County action; and even after serving admissions that reveal Dr. Barton's knowledge of the disputes, Gold took no actions to amend the complaint to exclude a claim for account stated.

33. Furthermore, although Gold knew or should have known, that Ms. Trinidad never transacted business with Dr. Barton in his New York County office, Gold filed Dr. Barton's claim in New York County.

34. According to the case information available on the New York State Unified Court System's "E-courts" website, Defendant Gold has filed at least 37 complaints against consumers on behalf of Dr. Barton in New York County in the past two years.

35. Upon information and belief, the complaint filed against Ms. Trinidad in the New York County action was a form complaint similar to those used in other collection lawsuits for Dr. Barton and was signed and verified by David J. Gold, Esq. without any meaningful review.

36. In this regard, Ms. Trinidad notes that David J. Gold, Esq., after indicating

on the summons that Dr. Barton's residence in Manhattan formed the basis for venue in the New York County action, included a form verification with the complaint that inaccurately affirmed that Mr. Gold could verify the complaint because he and his client did not maintain offices in the same county.

37. Upon information and belief, Gold's failure to review the complaint and underlying facts before verifying and filing, far from an anomaly, is part of the business plan developed by Gold, who has found that meaningful pre-filing review and verification of pleadings on behalf of Dr. Barton against consumes who have merely visited Dr. Barton for his advertised free consultation and have not contracted for goods and services, is not as profitable as submission of pleadings without review, because the overwhelming majority of consumer collection actions are won on default or against unsophisticated *pro se* litigants who are, as a practical matter, incapable of meaningfully challenging even the most inaccurate, false, and deficient, boilerplate consumer collection pleadings.

## FIRST CAUSE OF ACTION

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

38. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

39. By undertaking the above referenced collection activities Defendant repeatedly violated 15 U.S.C. § 1692 *et seq.*

40. Specifically and without limitation, Defendant violated the FDCPA by:

    a. Filing a complaint with a false claim for account stated, in violation of

§§ 1692e, 1692e(3), 1692e(5), 1692e(8), 1692e(10), and 1692f;

b. Filing a collection action in a judicial district other than the one where Plaintiff resides or where an alleged contract was signed, in violation of §§ 1692 i(a)(2) and 1692f;

c. Continuing to prosecute a claim for account stated after Defendant knew it to be false, in violation of §§ 1692e, 1692e(3), 1692e(5), 1692e(8), 1692e(10), and 1692f; and

d. Filing a Complaint and Attorney Verification that were deceptive and misleading in that they were signed by an attorney but were not in fact meaningfully reviewed by an attorney, in violation of §§1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f;

41. As a result of these violations of the FDCPA, Plaintiff has suffered actual damages including, without limitation, anxiety, sleep deprivation, attorney fees, and pain and suffering.

42. As a result of these violations, Ms. Trinidad is entitled to statutory damages of up to $1,000, actual damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

### NYGBL § 349 (Deceptive Acts and Practices Unlawful)

43. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

44. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in the First Cause of Action was

committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of NYGBL §349 independent of whether it also constituted a violation of any other law.

45. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public. Specifically, and without limitation, each of the unfair and deceptive practices listed above in Paragraph 40(a) - (d) is, upon information and belief, a recurring practice that Defendant has taken, not just against Ms. Trinidad, but against large numbers of consumers as part of a policy and practice that is designed and has the effect of increasing Gold's profits by collecting from unsuspecting consumers who have visited Dr. Barton for a free consultation without contracting for goods and services, through the submission of false and deceptive pleadings and verifications in litigation in New York State courts.

46. Each of Defendant's deceptive acts, by their nature, involves a material misrepresentation.

47. As a result of these violations of NYGBL §349, Plaintiff has suffered actual damages and is therefore entitled to actual damages, punitive damages of up to $1,000, attorney's fees and costs.

48. Mr. Trinidad's actual damages include, without limitation, sleep deprivation, anxiety, and pain and suffering.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF JUDICIARY LAW § 487

49. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

50. Upon information and belief, Gold is guilty of deceit in the New York State action.

51. Gold perpetrated this deceit with intent to deceive the New York State Court, and Ms. Trinidad.

52. Specifically, upon information and belief, and as reviewed above, Gold knowingly and falsely represented that he had meaningfully reviewed and made reasonable inquiry into the Complaint filed against Ms. Trinidad in the New York State action and the facts alleged therein, prior to filing the Complaint with the Court.

53. As set forth above, this false representation was made in a verification sworn to by Gold.

54. Furthermore, Gold continued to prosecute a false claim for account stated after his client admitted to having knowledge of Ms. Trinidad's challenges and disputes of the demands for payment.

55. As a result of this deceit, Ms. Trinidad has suffered damages including but not limited to sleep deprivation, anxiety, and pain and suffering.

56. Gold's deceit, as described above and upon information and belief, is part of a larger, pernicious and recurring policy and practice that is designed and has the effect of increasing Gold's profits by collecting from unsuspecting consumers who have visited Dr. Barton for free consultations and never contracted for goods and services, through the submission of false and deceptive pleadings and verifications without any meaningful review in litigation in New York State courts.

57. Ms. Trinidad is entitled to treble her damages as a result of Gold's violations of Judiciary Law § 487, reasonable attorney's fees, and costs.

**WHEREFORE** plaintiff respectfully requests that this Court award:

a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

b. On the SECOND CAUSE OF ACTION (NYGBL §349), actual damages, three times the actual damages up to $1000, costs and reasonable attorney's fees pursuant to NYGBL §349(h);

c. On the THIRD CAUSE OF ACTION (JUDICIARY LAW § 487), treble damages, costs, and reasonable attorney's fees; and

d. Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: April 8, 2011
     White Plains, New York

                                  Respectfully Submitted,

                                  Peter T. Lane, Esq.
                                  One of Plaintiff's Attorneys

<u>Plaintiff's Attorneys</u>
Daniel A. Schlanger, Esq.
Peter T. Lane, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fax: 914-946-2930